**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>N'Genuity Enterprises Co.,<br>        Debtor.<br><br>The Cadle Company,<br>        Movant,<br>v.<br>N'Genuity Enterprises Co.,<br>        Respondent. | District Court Case No. CV-12-0351-PHX-JAT<br><br>Chapter 11 Proceedings<br><br>Bankruptcy Case No. 2:11-bk-28705-GBN<br><br>**ORDER** |

Pending before the Court is The Cadle Company's ("Cadle") Motion for Withdrawal of Reference for Objection to Proof of Claim of The Cadle Company and to Determine Allowance of Claim (Doc. 2).

**I.   BACKGROUND**

Respondent N'Genuity Enterprises Co. ("N'Genuity") filed a voluntary Chapter 11 bankruptcy petition with the United States Bankruptcy Court for the District of Arizona on October 11, 2011. Cadle filed a Proof of Claim in those proceedings on January 4, 2012. In the Proof of Claim, Cadle asserts claims against N'Genuity for damages allegedly resulting from conspiracy to fraudulently transfer property, unjust enrichment, and transferee liability under the Uniform Fraudulent Transfer Act, A.R.S. § 44-1001 *et seq.* N'Genuity filed an objection to Cadle's Proof of Claim. In a separate case pending in this district, Cadle has also asserted claims against multiple other parties, alleging various claims including fraudulent transfer and unjust enrichment (the "Bowen Suit").

The Claims in both the Bowen suit and the Proof of Claim against N'Genuity all center on the actions of Alfred "Bub" Bowen, against whom Cadle obtained a civil judgment for over $800,000 in 1993. That judgment remains unsatisfied. Briefly, Cadle now alleges that, through various fraudulent asset-shielding schemes, the multiple parties in the Bowen suit are acting in concert with Mr. Bowen to help him avoid paying his judgment debt. With regard to N'Genuity's involvement in any such scheme, Cadle alleges that Mr. Bowen is a "*de facto* executive" of N'Genuity, and that he has been able to oversee N'Genuity's involvement in an alleged asset-shielding scheme through his management of N'Genuity's operations. Specifically, Cadle alleges that Mr. Bowen has never received any payments directly from N'Genuity in exchange for his managerial services, but rather has relied on his ability to access monetary distributions to other alleged N'Genuity "insiders," including his immediate family members. This scheme, alleges Cadle, allows Mr. Bowen to avoid holding any assets of significant value, thereby providing him a means to evade his creditors. N'Genuity, on the other hand, asserts that Cadle "does not actually hold any cognizable claim against the N'Genuity bankruptcy estate," and that "Mr. Bowen was never an officer of employee of N'Genuity; that Cadle does not allege any cash or property was ever transferred between N'Genuity and Mr. Bowen; and that N'Genuity does not owe Mr. Bowen any money or other obligation subject to garnishment." Doc. 11 at 2. Thus, in N'Genuity's view, Cadle is simply attempting to move its case to what Cadle perceives to be a more favorable forum.

Cadle now moves this Court to withdraw the reference to the bankruptcy court so that Cadle's claims against N'Genuity may be consolidated in the district court with Cadle's other claims in the Bowen Suit. The Court now rules on the motion.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 157(a), a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." With respect to the bankruptcy court's power to hear and enter judgments in cases, the statute further

distinguishes between core and non-core proceedings and provides a non-exhaustive list of various proceedings deemed to be core. 28 U.S.C. § 157(b)(2). Bankruptcy judges may hear core proceedings and "may enter appropriate orders and judgments" in them. *Id.* § 157(b)(1). Conversely, though a bankruptcy judge may also hear a proceeding that is not core, in such a proceeding, the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court. *Id.* § 157(c)(1). Thus, any final order or judgment in a non-core proceeding must be entered by the district judge after a de novo review of any matters objected to in the bankruptcy judge's proposed findings and conclusions. *Id.*

Further, a district court may withdraw any case referred to a bankruptcy court, "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Whether cause exists depends on the following factors: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5) other related factors. *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002). The Ninth Circuit has stated that "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (9th Cir. 1993). This is because "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *Id.* Thus, only after making the core/non-core determination should a district court weigh the factors above and make a final determination on whether to withdraw the reference to the bankruptcy court. *Id.* Finally, the party seeking withdrawal bears the burden of establishing that withdrawal is appropriate. *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D. Del. 1997).

**III.   ANALYSIS**

Here, Cadle has failed to show that cause exists to withdraw the reference to the bankruptcy court. First, N'Genuity argues that the disputed claims are core proceedings

because they involve the "allowance or disallowance of claims against the estate," which is one of the enumerated categories of core proceedings under § 157(b)(2)(B). Specifically, N'Genuity argues that "the Bankruptcy Court has core jurisdiction over all claims asserted in the Cadle [Proof of Claim] and [N'Genuity's] Objection because these proceedings: (1) involve the debtor; (2) involve an objection to a proof of claim and the allowance or disallowance of such claim; and (3) are directly related to and will impact the administration of the estate. Doc. 11 at 7. Cadle does not dispute N'Genuity's assertion that the disputed claims are core proceedings. Nor does Cadle even address the issue of whether the proceedings are core or non-core.

The Court agrees with N'Genuity that the proceedings may be deemed core because they involve the allowance or disallowance of claims against N'Genuity's bankruptcy estate. Indeed, all of Cadle's claims appear in its proof of claim filed in the bankruptcy court. The Ninth Circuit has held that such a filing "is the prototypical situation involving the 'allowance or disallowance of claims against the estate.'" *In re G.I. Indus.*, 204 F.3d 1276, 1279-80 (9th Cir. 2000). Further, there is "no question that [a] bankruptcy court [has] jurisdiction over the proof of claim itself because it is a core matter." *Id.* at 1280.

Nevertheless, Cadle asserts that withdrawal of the reference is proper because its claims against N'Genuity are closely related to Cadle's claims in the Bowen suit. Thus, Cadle argues, "it would be a waste of judicial resources, and increase the burden and costs of all parties, to conduct discovery separately, and to try the cases separately (in addition to risking inconsistent decisions)." Doc. 2 at 9. N'Genuity, on the other hand, argues that consolidation of Cadle's claims against N'Genuity is inappropriate because those claims, which N'Genuity alleges to be "far-fetched and legally insufficient," are "starkly different" from Cadle's claims against other parties. Doc. 11 at 2-3.

The Court finds that Cadle has failed to demonstrate that withdrawing the reference to the bankruptcy court and consolidating Cadle's claims against N'Genuity with Cadle's other claims will achieve any efficiency, uniformity, or any other benefits. First, because

this case involves core proceedings, the interests of efficiency and uniformity strongly counsel against withdrawal of the reference. *See Orion Pictures*, 4 F.3d at 1101. Indeed, the bankruptcy court is likely far more familiar with N'Genuity's structure and operations, matters which are key to determining the validity and proper resolution of Cadle's claims, than is this Court. Furthermore, withdrawal of the reference would likely only add further delay to and increase the costs of this litigation. Finally, denial of Cadle's motion to withdraw the reference also prevents the possibility of inappropriate forum shopping. The Court therefore concludes that cause does not exist for withdrawing the reference to the bankruptcy court. Cadle's motion is denied.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** denying Cadle's Motion to Withdraw the Reference to the Bankruptcy Court (Doc. 2).

Dated this 30th day of July, 2012.

James A. Teilborg
United States District Judge